## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTIAN KREIPKE,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>CH-1221-15-0284-P-1<br><br><br>DATE:  August 3, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hayden Pendergrass, Esquire, and Shereef Akeel, Esquire, Troy, Michigan,
　　for the appellant.

Amy Slameka, Esquire, and Gregory Davis White, Esquire,
　　Detroit, Michigan, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the addendum initial decision, which awarded the appellant $60,000 in compensatory damages after the Board ordered corrective action in the underlying individual right of action (IRA) appeal. For the reasons discussed below, we DENY the appellant's petition for review.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Except as expressly MODIFIED by this Final Order to address the appellant's damages claim relating to a lost teaching contract, we AFFIRM the initial decision, still awarding him $60,000 in compensatory damages.

The appellant asserts on review that the record included evidence of more than just a screenshot of the Mexican university's website where he allegedly lost a teaching contract as a result of the agency's retaliatory actions, as the administrative judge found, because there was testimony at the merits hearing on that matter and email correspondence he submitted establishing his prospective compensation and the basis for terminating the contract. Petition for Review (PFR) File, Tab 1 at 19.

The administrative judge found that the appellant claimed a loss of approximately $207,780 when he lost a teaching contract with the Universidad Autonoma de Guadalajara (UAG), and that this was an estimate of his salary for the length of the contract because he was unable to locate salary documents. *Kreipke v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-15-0284-P-1 (P-1 AF), Tab 29, Addendum Initial Decision (AID) at 11. She found that the appellant admitted that he did not have a teaching employment contract with UAG or documents showing the termination of employment with UAG, and that he provided a single screenshot of a webpage within the university's website that referred to him as a visiting professor. *Id.* Thus, she found this claim unsubstantiated because the appellant did not submit any evidence of a teaching contract with UAG or establish that any purported contract was impacted by the agency's actions. *Id.*

The administrative judge based her findings on the appellant's admissions to certain discovery requests propounded by the agency. P-1 AF, Tab 18 at 521-22. However, the appellant also submitted email correspondence he had with an individual at UAG. P-1 AF, Tab 25 at 88-89. The first email chain is dated October 24-25, 2012. *Id.* at 88. In it, the appellant asks when he will be teaching that semester. *Id.* The UAG representative responds that they will be expecting

him in February "once again," that exact dates will be determined based on semester timing, that UAG would "accommodate" his flight, and that he "will be paid $10,300 for the three-week commitment plus per diem of $100/day that you are teaching (total 14 days)." *Id.* The second email chain is dated May 21-22, 2013. *Id.* at 89. The appellant asks if there will be a need for him to teach. *Id.* The UAG representative replies as follows:

> Hope you are doing ok. Sorry to hear of your struggles at your employer. Unfortunately we are no longer able to support your teaching position. We hold our faculty to the strictes[t] standards and have thus sought other avenues for our students. Please let me know the outcome of your situation and we will be happy to reinstate you assuming a positive outcome.

*Id.* The appellant also asserted that he testified at the hearing on the merits of his IRA appeal that, before "all this happened, I used to teach down in Mexico." P-1 AF, Tab 25 at 19.

To receive an award of compensatory damages pursuant to 5 U.S.C. § 1221(g), an appellant must show, among other things, that he has been harmed "as a result of the agency's unlawful retaliatory activities." *Gilewicz v. Department of Homeland Security*, 2024 MSPB 7, ¶ 7. Here, even considering the email correspondence and testimony identified by the appellant, he has not proven entitlement to such damages by preponderant evidence. *See Perlick v. Department of Veterans Affairs*, 104 F.4th 1326, 1332 (Fed. Cir. 2024). He has not shown or submitted additional evidence supporting a claim that the "struggles at your employer" reference by the UAG representative was a reference to retaliatory activities by the agency, as opposed to the February 2012 termination of his employment by Wayne State University (WSU), where he held a dual appointment. In this regard, we note that at the time of the UAG May 22, 2013 email, the appellant had already been terminated by WSU but had not yet been separated from the agency. The appellant's own description of his teaching in Mexico before "all this happened" similarly does not establish causation related to any retaliatory

action by the agency, as opposed to the investigation and termination by WSU. Accordingly, even considering the evidence not addressed by the administrative judge, the appellant has not proven by preponderant evidence his entitlement to these damages.

## ORDER

We ORDER the agency to issue a check to the appellant for nonpecuniary compensatory damages in the amount of $60,000. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You

must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-

appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          _Gina K. Grippando_
                                         _____
                                         Gina K. Grippando
                                         Clerk of the Board

Washington, D.C.